This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38876**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JESSE LAWRENCE LENTE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cindy Leos, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Patrick J. Martinez
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals from the district court's order denying his motion for reduction of sentence, filed pursuant to Rule 5-801(A) NMRA. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We remain unpersuaded and affirm.

**{2}** On appeal, Defendant maintains the district court erred by concluding that it lacked jurisdiction to consider Defendant's motion to reconsider his sentence, filed under Rule 5-801(A) within ninety days of our Supreme Court's mandate on its reversal of the habeas relief granted by the district court. [DS 5] We proposed to hold that our

Supreme Court's mandate, issued on its reversal of habeas relief, does not fall within any of the actions contemplated by Rule 5-801(A) that would allow or invoke the district court's discretion to reduce Defendant's sentence.

**{3}** As set forth in our notice, Rule 5-801(A) requires a motion to reduce a sentence to be filed within ninety days: (1) after the sentence is imposed; (2) after receipt by the district court of a mandate affirming the judgment or dismissing the appeal; or (3) after judgment on direct appeal from an appellate court denies review or otherwise upholds a judgment. The committee commentary instructs that the rule is used to invoke only the district court's discretionary sentencing power.

**{4}** In response to our notice, Defendant contends that his motion falls under the second scenario, "within ninety (90) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal." *See* Rule 5-801(A). [MIO 3] Defendant asserts that there is no specificity within the rule to exclude post-on-direct appeals from the district court's consideration, and our Supreme Court's decision in this case has the effect of upholding the judgment. [MIO 3]

**{5}** We are not persuaded by Defendant's reasoning. Our Supreme Court's mandate upon reversal of habeas relief is not a "mandate issued upon affirmance of the judgment or dismissal of the appeal." *See* Rule 5-801(A). In the appeal, our Supreme Court examined the habeas proceedings, disagreed with the district court's assessment of Defendant's collateral attack on his February 2003 convictions, and reversed the district court's attempt to reopen and alter its original judgment and sentence. Our Supreme Court's mandate states: "this cause is remanded for other proceedings, if any, consistent and in conformity with the order of this Court." [2 RP 488] On remand, to effectuate the reversal mandated by the Supreme Court, the district court entered an order vacating its previous order granting the petition for writ of habeas corpus, [2 RP 508] the only action authorized by the opinion and mandate. We are not persuaded that our Supreme Court's mandate from the reversal of habeas relief did anything to reopen the original judgment and sentence or otherwise invoke the district court's discretionary power over its original judgment and sentence.

**{6}** Our decision is based on the plain language of the rule and its apparent purpose. To the extent Defendant advocates for a meaning of the rule that is inconsistent with our reading of the plain language and purpose of the rule, he should do so in the Supreme Court.

**{7}** For the reasons stated in this opinion and in our notice, we affirm the district court's order denying Defendant's motion to reduce the sentence.

**{8}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**BRIANA H. ZAMORA, Judge**